UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21360-ALTMAN

DAKOTA REA,

     *Plaintiff,*

*v.*

REVAZ SHMERTZ, *et al.*,

     *Defendants.*

_____/

**ORDER DISMISSING COMPLAINT**

Our *pro se* Plaintiff, Dakota Rea, alleges that Defendant Revaz Schmertz and his various companies are engaged in "a sophisticated, transnational fraud scheme" that's "designed to facilitate money laundering, securities fraud, and human trafficking activities[.]" Complaint [ECF No. 1] ¶ 1. Because Rea hasn't paid the filing fee—and has instead elected to proceed *in forma pauperis* ("IFP"), *see* IFP Motion [ECF No. 3]—we must screen the Complaint under the provisions of 28 U.S.C. § 1915(e) before we allow the case to proceed to service. After careful review, we find that the Complaint is a shotgun pleading and that Rea is trying to bring several claims that lack private causes of action. Accordingly, we **DENY** Rea's IFP Motion, **DISMISS** the Complaint **without prejudice**, and **GRANT** Lea leave to file an amended complaint.

**THE FACTUAL ALLEGATIONS**

Rea is a "resident of the State of Florida" and "a business owner who has been directly and proximately harmed by Defendants' fraudulent scheme[.]" Complaint ¶ 9. According to Rea, Shmertz "was previously convicted in the Russian Federation for orchestrating a sophisticated real estate fraud scheme whereby he solicited investments for non-existent property developments, misappropriated investor funds, and subsequently attempted to silence and retaliate against those who exposed his

fraudulent activities." *Id.* ¶ 16. In the United States, Shmertz created Defendant Beyond Research Labs, which "purported to be a legitimate technology company engaged in blockchain research and development." *Id.* ¶ 19. In actuality, Rea insists, Beyond Research "shares its registered address with an entity operating as a 'modeling agency' that exhibits numerous red flags associated with human trafficking operations." *Ibid.* Rea accuses Beyond Research of being "a fraudulently front company" that employs "methodologies employed in Pig Butchering schemes, where legitimate-appearing business are established to facilitate victim recruitment and financial fraud." *Id.* ¶ 22.[1]

One of the alleged victims of this scheme was Polina Rea, "an individual associated with Plaintiff." *Id.* ¶ 23. Starting on December 28, 2024, Polina "exhibited symptoms consistent with being under the influence of unknown substances, including disorientation, impaired judgment, and physical weakness[.]" *Id.* ¶ 24. The next day, Polina and Shmertz went onboard an "international cruise ship," where Shmertz employed certain tactics used "to establish control over victims." *Id.* ¶ 25. Rea alleges that Schmertz "has maintained control over [Polina] through a combination of financial manipulation, psychological coercion, and exploitation of the dependencies created through his previous actions" ever since. *Id.* ¶ 27. Trying to stop Shmertz, Rea "published information on [LinkedIn] exposing certain fraudulent aspects of Defendants' business operations." *Id.* ¶ 28. Schmertz and Polina confronted Rea and "explicitly threatened" Rea to remove the "whistleblowing post" or else they would "make Plaintiff pay for it[.]" *Id.* ¶ 29. When Rea refused, Shmertz "bribed local police" to involuntarily commit Rea under Florida's Baker Act. *Id.* ¶ 30. Once Rea was released from this involuntary detention, the Defendants "escalated their pattern of retaliatory conduct through a coordinated campaign of commercial interference and unfair competition designed to damage

---

[1] One court in our District has defined a "pig butchering scam" as "[a] virtual romance or friendship hook that is followed by a persuasive campaign to get the victim to invest based on trust which is often won by a series of small fake returns sent to the victim in exchange for getting them to invest or give more funds until the 'fattened pig' is 'butchered,' and the scammer takes the money and cuts contact." *Song v. Doe*, 2024 WL 4632242, at *1 n.1 (M.D. Fla. Aug. 19, 2024) (Sneed, J.).

Plaintiff's business interests and financial stability." *Id.* ¶ 33. These acts include (but are not limited to) the "dissemination of false and defamatory statements regarding Plaintiff's mental health to business associates" and the "unlawful removal of Plaintiff's [emotional support animals,] business assets, intellectual property, and essential business records." *Id.* ¶ 34.

In addition to the Defendants' acts against him personally, Rea also alleges that Shmertz and his businesses are engaged in money laundering and securities fraud. Rea says that the Defendants launder funds by executing "structured transactions designed to evade reporting requirements under the Bank Secrecy Act," using certain "cryptocurrency exchanges" with inadequate anti-money laundering protocols, using "complex corporate structures spanning multiple jurisdictions . . . to further obscure the ownership and movement of assets[,]" and comingling "legitimate and illegitimate funds through businesses that have minimal or non-existent operational activities beyond their function as vehicles for financial transactions." *Id.* ¶ 37. As for the securities-fraud allegations, Rea claims that the Defendants made "[p]romises of extraordinary returns that significantly exceed market norms without corresponding risk disclosure" and provided "[l]imited transparency regarding the actual use of invested funds." *Id.* ¶ 41.[2]

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---

[2] In addition to these allegations, Rea mentions a "corporate espionage campaign" in which other non-defendants have engaged in "a decade-long corporate conspiracy specifically targeting Plaintiff's NEON Energy Drink intellectual property and market position." *Id.* ¶ 40. Although Rea alleges (in a wholly conclusory manner) that Defendants Schmertz and BR Capital are involved in this "campaign," we're not sure how this seemingly unrelated conspiracy has anything to do with the Defendants' alleged pig-butchering scheme. *Id.* ¶ 46.

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Rea's Complaint names a total of six Defendants: Shmertz, four of his companies—Beyond Research Labs, BR Capital, DAOSquare LLC, and T-Digital Corp.—and the "Doe Defendants," who are "believed to be co-conspirators, facilitators, employees, or agents of the named Defendants[.]" Complaint ¶¶ 10–15.[3] The Complaint brings a total of ten counts against the Defendants: violation of

---

[3] Rea says he "will amend this Complaint to state the true names and capacities of these Doe Defendants when they have been ascertained through discovery." Complaint ¶ 15. That's good because "fictious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734,

the RICO Act, 18 U.S.C. § 1962 (Count I); conspiracy to violate the RICO Act (Count II); wire fraud under 18 U.S.C. § 1343 (Count III); mail fraud under 18 U.S.C. § 1341 (Count IV); securities fraud under 15 U.S.C. § 78j (Count V); money laundering under 18 U.S.C. § 1956 (Count VI); human trafficking and forced labor under 18 U.S.C. §§ 1589 and 1590 (Count VII); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII); tortious interference with business relationships (Count IX); and civil conspiracy (Count X). As currently drafted, Rea's Complaint cannot proceed because it is clear-cut shotgun pleading. And, even if the Complaint didn't suffer from these procedural deficiencies, we must still dismiss Counts III, IV, VI, and VII for being counts that lack private causes of action.

## I.   The Complaint is a Shotgun Pleading

"A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023) (Altman, J.) (cleaned up). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015)). All shotgun pleadings share two characteristics. *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting

---

738 (11th Cir. 2010). Insofar as the Complaint is asserting claims against these Doe Defendants, we'll **DISMISS** them without prejudice and give Rea an opportunity to amend his complaint later once he's identified those defendants.

*Weiland*, 792 F.3d at 1323). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

Although the Complaint arguably veers into the second and fourth shotgun-pleading categories,[4] it unquestionably falls under the first shotgun pleading category because it "contains multiple counts where each count adopts the allegations of all preceding counts[.]" *Embree*, 779 F. App'x at 662. Each one of Rea's ten counts adopts every single allegation and count that precedes it. *See, e.g.*, Complaint ¶ 101 ("Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 100 above as if fully set forth herein."); *id.* ¶ 106 ("Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 105 above as if fully set forth herein."). This is improper and requires dismissal of the Complaint. *See PVC Windows, Inc. v. Babbithay Beach Constr., N.V.*, 598 F.3d 802, 806 (11th Cir. 2010) ("Count I incorporates paragraphs one through seventy-three, and each of the nine succeeding counts incorporates all preceding counts, such that Count X amounts to an amalgamation of all counts of the complaint."); *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) ("Each count incorporates by reference the allegations of the preceding counts and thus includes allegations that are irrelevant to the cause(s) of action the count ostensibly states.").

## II.     Failure to State a Cause of Action

Rea's Complaint also lists several counts that have no private cause of action. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a

---

[4] For example, Rea's interlude about the "NEON Energy Drink Corporate Espionage Campaign" is immaterial and has no obvious connection to any of the causes of action in the Complaint. *See generally* Complaint ¶¶ 40–46. Likewise, some of the Complaint's counts are "against all Defendants," but do not separate out which acts each individual defendant is responsible for. *See, e.g.*, *id.* ¶ 72 ("Each Defendant, directly or indirectly, by the use of means or instrumentalities of interstate commerce, or of the mails, or of facilities of national securities exchanges, in connection with the purchase or sale of securities, knowingly or recklessly . . . [e]mployed devices, schemes, or artifices to defraud[.]"). Rea must address these defects (as well as all the other issues we've identified in this Order) if he wants to maintain this action against the Defendants.

private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979). Without a "private right[ ] of action to enforce federal law[,]" a litigant cannot bring a claim against a defendant—even if the defendant has (in fact) violated the terms of that statute. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). As we'll soon explain, Counts III, IV, VI, and VII of the Complaint allege violations of federal statutes that lack private causes of action, and so we must dismiss these counts *with prejudice.*[5]

Counts III, IV, and VI allege that the Defendants violated the federal statutes criminalizing wire fraud, mail fraud, and money laundering (respectively). *See* Complaint ¶¶ 58, 64, 77, 84. The general rule is that "criminal statutes do not provide for private causes of action[.]" *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002)). As we have explained, most of the criminal statutes in Title 18 don't "include language authorizing any private plaintiff to sue," nor do they implicitly create a private cause of action because "these statutes both textually 'focus[ ] on the person regulated' and structurally contemplate[ ] government enforcement[.]" *Steven McArthur-Brooks Est. v. Moreno*, 2025 WL 30390, at *3 (S.D. Fla. Jan. 6, 2025) (Altman, J.) (quoting *Sandoval*, 532 U.S. at 289). The statutes Rea identified in Counts III, IV, and VI (18 U.S.C. §§ 1341, 1343, and 1956) "do[ ] nothing but prescribe fines and imprisonment against 'whoever' violates it" and do not "confer any rights on any class of persons[.]" *Id.* at *4. None of these statutes thus provide a private cause of action for Rea to sue the Defendants. *See ibid.* (holding that the mail-fraud statute, 18 U.S.C. § 1341 "doesn't create a private cause of action" (citing *Thomson v. Virgo*, 2021 WL 10410919, at *1 (M.D. Fla. June 3, 2021) (Scriven, J.))); *Crossdale v. Burandt*, 2015 WL 1277829, at *2 (M.D. Fla. Mar. 20, 2015) (Steele, J.) ("There is no freestanding private right of

---

[5] Given the many other procedural defects with Rea's Complaint, we express no opinion on whether Rea has stated a viable claim in the remaining counts of his Complaint. We'll conduct a more fulsome review of those counts if Rea chooses to re-raise them in his amended complaint *and* if the amended complaint fixes the issues we've identified in this Order.

action to enforce the federal wire fraud statute [18 U.S.C. § 1343]." (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 501 (1985))); *Anthony v. Comcast*, 2024 WL 3740149, at *2 (N.D. Ga. July 2, 2024) (Jones, J.) ("[T]here is no individual cause of action for money laundering under 18 U.S.C. § 1956." (cleaned up)).

The human-trafficking and forced-labor statutes (18 U.S.C. §§ 1589 and 1590) are a little different. There, Congress *has* provided a limited civil remedy that allows "[a]n individual who *is a victim* of a violation of [18 U.S.C. §§ 1589 and 1590] [to] bring a civil action against the perpetrator[.]" 18 U.S.C. § 1595 (emphasis added). The problem for Rea is that *he* isn't the alleged victim of human trafficking and forced labor—Polina Rea is. *See* Complaint ¶ 87 ("Defendant Shmertz knowingly recruited, harbored, transported, provided and/or obtained Polina Rea for labor or services in violation of 18 U.S.C. § 1589."); *id.* ¶ 89 ("[Polina Rea's] current participation in what appears to be scripted communications designed to discredit Plaintiff follows established patterns of victim exploitation in human trafficking operations."). Since Rea isn't a victim of forced labor or sex trafficking, he lacks a viable private cause of action under §§ 1589 and 1590. *See Kemp v. Place Alliance LLC*, 2022 WL 3136895, at *4 (M.D. Fla. June 15, 2022) (Price, Mag. J.) ("With respect to 18 U.S.C. § 1590, which criminalizes human trafficking, an individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator. However, Plaintiff nowhere alleges that he was the victim of human trafficking, nor does he provide any factual allegations suggesting how he could proceed with a claim under § 1590."), *report and recommendation adopted*, 2022 WL 3136884 (M.D. Fla. July 11, 2022) (Byron, J.); *see also Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014) ("[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975))).[6]

_____

[6] Rea tries to argue that he was also victimized by this alleged human-trafficking and forced-labor scheme, claiming that Shmertz's "violations of 18 U.S.C. §§ 1589 and 1590" caused him to suffer "substantial economic damages . . . resulting from the coerced removal of his business assets by Polina

For these reasons, Counts III, IV, VI, and VII of the Complaint are **DISMISSED with prejudice**.

*      *      *

After careful review, we **ORDER and ADJUDGE** as follows:

1. Counts I, II, V, VIII, IX, and X of the Plaintiff's Complaint [ECF No. 1] are **DISMISSED without prejudice**. The Plaintiff is **GRANTED** leave to file an amended complaint that complies with this Order by **April 28, 2025**. Failure to comply with this Order will result in the case being dismissed without prejudice and without further notice. *See* FED. R. CIV. P. 41(b).

2. Counts III, IV, VI, and VII of the Complaint are **DISMISSED with prejudice**.

3. The Plaintiff's IFP Motion [ECF No. 3] is **DENIED without prejudice**. The Plaintiff may re-file an amended IFP motion contemporaneously with his amended complaint.

4. The Clerk is directed to administratively **CLOSE** the case. The Court will reopen the case once the Plaintiff has filed his amended complaint and otherwise complied with this Order.

**DONE AND ORDERED** in the Southern District of Florida on April 7, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Dakota Rea, *pro se*

---

Rea while under Defendant Shmertz's control[.]" Complaint ¶ 91. Put another way, Rea says he should be considered a victim under § 1595 because the actual victim of human trafficking (Polina) committed a tort against him on the orders of the alleged trafficker (Shmertz). This novel theory of liability, but § 1595(a) only provides a civil remedy to "victim[s] of a violation of this chapter[.]" Rea is the victim (at most) of a tort, not human trafficking or forced labor.